IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| JEFFREY E. BRADFORD, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 15-CV-209-JED-FHM |
| BANK OF AMERICA N.A., JUDGE DANA KUEHN, K. RENEE DAVIS, AMY COLLINS, MICHAEL GEORGE, THOMAS DONALD KIVELL, JUDGE CARLOS CHAPELLE, TULSA COUNTY DISTRICT COURT, TULSA COUNTY OKLAHOMA, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are the plaintiff's Complaint (Doc. 1) and "Complaint and Petition for Emergency Declaratory and Injunctive Relief" (Doc. 3), filed on April 22, 2015. No service is reflected on the docket, and no defendant has entered an appearance. In his filings, plaintiff complains of the actions of Bank of America, N.A., as well as judges and attorneys, in a foreclosure action in the Tulsa County District Court, Case No. CJ-2011-04371 (hereafter, "State Case"). Plaintiff asks that the Court: "immediately put an injunction against the court order" entered March 10th, 2015 by the Honorable Dana Kuehn, Judge of the District Court of Tulsa County, Oklahoma; declare a Judgment entered April 15, 2014 in the State Case to be void; and stop the Sheriff's sale of the property that is the subject of the foreclosure. (*See* Doc. 1, 3).

### Plaintiff's Pro Se Status

Plaintiff is proceeding pro se. Pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, a district court should not assume the role of advocate.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("rule of liberal construction [of pro se filings] stops, however, at the point at which we begin to serve as his advocate."); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("The court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *See Ogden v. San Juan County*, 32 F.3d 452, 455 910th Cir. 1994). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir.1997).

### Subject Matter Jurisdiction

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Subject matter jurisdiction cannot be conferred by the parties, nor can a defect in subject matter jurisdiction be waived. *Id.*; *see United States v. Cotton*, 535 U.S. 625, 630 (2002). Lack of subject matter jurisdiction may be raised as a basis for dismissal at any time, either by a party or by the Court sua sponte. *See Bender*, 475 U.S. at 541; Fed. R. Civ. P. 12(h)(3).

Plaintiff alleges that the Court has jurisdiction under 18 U.S.C. §§ 513(a), (b), 1331, 1334, 1346, 1951(a), (b), 1964(a), (c), 28 U.S.C. § 2201, and 42 U.S.C. § 1983. (*See* Doc. 1 at 1, ¶ 1). The criminal statutes cited, 18 U.S.C. §§ 513 and 1951, do not confer a private right of

action upon plaintiff to shut down a foreclosure proceeding or to proceed for damages or other relief. Those statutes provide for criminal penalties for counterfeit securities, *see* 18 U.S.C. § 513, and for interference with commerce by threats or violence, *see id*., § 1951. Plaintiff has asserted no factual basis for any purported RICO claim against the defendants under 18 U.S.C. § 1964.

Likewise, the civil statutes which plaintiff references do not confer subject matter jurisdiction in this Court over the State Case.[1] The statute that establishes federal courts as having original and exclusive jurisdiction over bankruptcy proceedings, 28 U.S.C. § 1334, does not provide any basis for subject matter jurisdiction, as this is not a bankruptcy case, and plaintiff has not referenced any such proceeding. The statute providing that federal courts have jurisdiction over suits against the United States, 28 U.S.C. § 1346, also has no application, as the United States is not a party to this action or the State Case. It is also well-settled that the declaratory judgment statute, 28 U.S.C. § 2201, does not independently confer federal subject matter jurisdiction:

> [T]he Declaratory Judgment Act "does not confer jurisdiction upon federal courts, so the power to issue declaratory judgments must lie in some independent basis of jurisdiction." *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir.1996) (citations omitted). Thus, "in the absence of any pleading that invokes diversity jurisdiction, [ordinarily] the relevant basis is federal question jurisdiction under 28 U.S.C. § 1331." *Id.*
>
> Under § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To determine whether [a] claim arises under federal law, [courts] examine the 'well[-]pleaded' allegations of the complaint and ignore potential defenses...."

---

[1] Title 18 of the United States Code codifies criminal statutes, which do not include §§ 1331 and 1334. The Court assumes that plaintiff intended to cite Title 28, as §§ 1331 and 1334 of the that Title relate to jurisdiction. Likewise, § 1346 of Title 18 merely defines "scheme or artifice to defraud" and does not involve subject matter jurisdiction, while that section of Title 28 does. Hereafter, the Court will reference Title 28 where appropriate, notwithstanding plaintiff's citation to Title 18.

> *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003); *accord Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1060 (10th Cir.2006). Under the "well-pleaded complaint" rule, "a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir.1996) (quoting *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908)); *see also* Erwin Chemerinsky, Federal Jurisdiction § 5.2.3, at 295 (6th ed. 2012) ("[I]t must be clear from the face of the plaintiff's complaint that there is a federal question."). This rule "makes the plaintiff the master of the claim." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *accord Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1154 (10th Cir.2004). "By omitting federal claims from a complaint, a plaintiff can [generally] guarantee an action will be heard in state court." *Qwest Corp. v. City of Santa Fe*, 380 F.3d 1258, 1264 n. 1 (10th Cir.2004); *see also Felix*, 387 F.3d at 1154 (noting that federal-question jurisdiction exists when properly pleaded in a plaintiff's complaint).

*Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.,* 693 F.3d 1195, 1202 (10th Cir. 2012).

Plaintiff has also referenced § 1331 as a basis for jurisdiction. As noted in *Devon Energy*, to be found to arise under federal law, the plaintiff's Complaint must reflect that it is based on federal law. 693 F.3d at 1201. "For statutory purposes, a case can 'aris[e] under' federal law in two ways." *Gunn v. Minton*, ___ U.S. ___, 133 S. Ct. 1059, 1064 (2013). First, "a case arises under federal law when federal law creates the cause of action asserted." *Id.* The "creation" test includes "only extremely rare exceptions." *Id.* Second, a case may be said to "arise under federal law" in a "special" and "slim" category of cases where a state law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 1064-65 (quoting *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005)). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 1065.

4

Plaintiff has not identified any cause of action or pleaded any facts showing that plaintiff's action is based on or created by federal law, or any facts that necessarily raise a substantial federal issue that is actually disputed. Plaintiff has hence failed to provide any basis for the assertion of federal question jurisdiction under 28 U.S.C. § 1331. Construing plaintiff's pro se filings liberally, it is crystal clear that he is simply complaining because of the adverse outcome in the State Case. The State Case involves a lengthy history of proceedings regarding the foreclosure of plaintiff's property.[2] Plaintiff was unsuccessful in the trial court, with a Final Journal Entry of Judgment entered in that case on April 15, 2014. The public record in the State Case reflects that plaintiff has initiated an appeal to the Oklahoma Supreme Court, No. SD-113780, which is still pending.

His filings in this case are plainly premised only on an unfavorable outcome in the State Case, not on any substantial federal issue. At the outset of his "Complaint and Petition for Emergency Declaratory and Injunctive Relief," plaintiff "objects to the decision made in the State Case made on April 15, 2015 [sic] in the District Court of Tulsa County before Judge Dana Kuehn" and therefore "petitions this honorable Federal Court for an emergency injunctive relief order...." (Doc. 3 at 1). He "[p]rays this court uphold the laws of the Great State Of Oklahoma and Nullify the Summary Judgement [sic] by the District Court and put an Immediate injunction to stop the Auctioning of the property in question as is Scheduled to be auctioned.... This auction should be stopped until the Plaintiff's Appeal has been completed and the above Blatant Violations of the District Court Statutes are ruled upon by the Court." (Doc. 3 at 9).

---

[2] The Court may take judicial notice of those proceedings. *See St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Moore v. Tulsa*, __ F. Supp. 3d __, 2014 WL 5419317, *2 (N.D. Okla. 2014).

Certain parts of plaintiff's filings even appear to have been prepared for filing in the State Case, as plaintiff here refers to himself as defendant, which is the position he occupies in the State Case, and elsewhere he references "this Court" while referring to his allegations against Judge Kuehn in the State Case. (*See e.g.* Doc. 1 at 3-4, ¶ 5 (referring to himself as defendant); Doc. 3 at 7, ¶ 11 ("This Court has practiced fraud by deceit and violated its fiduciary obligation to the public by [rulings in the State Case]"; referring to plaintiff repeatedly as defendant]); *id.* at 8-9, ¶¶ 14-17 (referring to himself as defendant)).

Plaintiff's filings in this case principally allege procedural errors premised upon state law and rules, *not* federal law. For example, plaintiff's allegations include the following, all of which would implicate only state law and procedures: (1) the original note and mortgage were not filed with the State Case petition; (2) plaintiff was not properly served under Oklahoma law; (3) pleadings filed by attorney-defendants Davis and George are hearsay because they are not competent fact witnesses; (4) the State Case record does not establish a surety bond as required by *Okla. Stat.* tit. 12, §1153, (5) plaintiff "is not in receipt of any document to verify that opposing counsel have person knowledge of anything about this case" and counsel statements in briefs are insufficient to grant summary judgment; (6) Judge Kuehn lost subject matter jurisdiction by relying upon hearsay statements, in violation of the "Oklahoma Evidence Rules" and should have dismissed the case under *Okla. Stat.* tit. 12 § 2012(F)(3); (7) Judge Kuehn "violated her judicial canons by appearing very partial to alleged Plaintiff's attorney"; (8) attorney Michael George filed a summary judgment filing before he filed his formal entry of appearance as required under *Okla. Stat.* tit. 12 § 2005.2; (9) Judge Kuehn did not follow the "Oklahoma rules of civil procedures"; and (10) an affidavit submitted by Bank of America in

support of summary judgment was not based on personal knowledge, by a witness who was not competent to testify.

While plaintiff's filings contain conclusory references to federal law, those do not supply this Court with subject matter jurisdiction under the foregoing standards applicable to § 1331 subject matter jurisdiction. For example, plaintiff cites 42 U.S.C. § 1983 and refers to substantive due process, but the factual assertions relating thereto are solely premised upon alleged violations of procedure and evidence rules. For example, plaintiff alleges that Judge Kuehn violated plaintiff's substantive due process rights by relying upon hearsay and facts that were not based on personal knowledge, in violation of Fed. R. Evid. 602, 803(6). (Doc. 1 at 7, ¶¶ 11, 12). According to plaintiff, "[n]o original note and mortgage were provided" in alleged violation of Fed. R. Evid. 902(11), 1002. (Doc. 3 at 5-6, ¶¶ 6, 8). An alleged failure to comply with a Federal Rule of Civil Procedure or a Federal Rule of Evidence, which apply only in civil actions and proceedings in United States courts, *see* Fed. R. Civ. P. 1; Fed. R. Evid. 101(a), does not confer federal subject matter jurisdiction.

Plaintiff also asserts that Judge Kuehn did not "answer the challenge of jurisdiction" and that her alleged failure to "answer" results in the matter being admitted under Fed. R. Civ. P. 36(a)(3). (Doc. 3 at 5, ¶ 8). That federal procedural rule, which applies to discovery requests for admissions served upon a party in civil proceedings in federal district courts, does not apply to the State Case or to the situation as alleged by the plaintiff. Judges are not required to "answer" discovery or questions posed by a party. Moreover, Oklahoma's counterpart evidence, pleading, and discovery statutes apply in the State Case, and any purported violation of those statutes does not involve any federal question. *See, e.g., Okla. Stat.* tit. 12 § 2001 (Oklahoma Pleading Code governs civil procedure in district courts of Oklahoma), *id.* § 2103 (Oklahoma Evidence Code

7

applies in state civil and criminal proceedings); *id.* § 3224 (Oklahoma Discovery Code governs procedure for discovery in all civil actions in state courts).

Plaintiff's filings also reference the Federal Records Act ("FRA"), but plaintiff does not explain how the FRA has any application to his assertions regarding the foreclosure action or the promissory note or mortgage. "The FRA governs the management, retention and disposal of *federal* records." *See Rohrbough v. Harris*, 549 F.3d 1313, 1316 (10th Cir. 2008) (emphasis added). The FRA's definition of "records" includes only documents "made or received by an agency of the United States Government under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation by that agency or its legitimate successor as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the Government or because of the informational value of data in them." *Id.* at 1317. Plaintiff has not alleged any facts that would render the FRA applicable. In any event, the United States Supreme Court has determined that no provision of the FRA "confers a right of action on private parties," either expressly or impliedly. *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 149 (1980). The purpose of the Act "was not to benefit private parties, but solely to benefit the agencies themselves and the Federal Government as a whole." *Id.* "Thus ... Congress has not vested federal courts with jurisdiction to adjudicate [the question whether the FRA was violated] upon suit by a private party. That responsibility is vested in the administrative authorities." *Id.* at 149-50.

This suit is also barred by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court."

*Miller v. Bank of New York*, 666 F.3d 1255, 1261 (10th Cir. 2012).[3] The Tenth Circuit has held that the *Rooker-Feldman* doctrine precludes a plaintiff from seeking federal review and rejection of state court eviction and foreclosure proceedings. *See Dillard v. Bank of New York*, 476 F. App'x 690, 2012 WL 1094833 (10th Cir. Apr. 3, 2012) (unpublished). In *Dillard*, the pro se plaintiff alleged a number of violations of federal laws due to foreclosure and eviction. The district court found that it lacked subject matter jurisdiction as to such claims and that dismissal was appropriate under Fed. R. Civ. P. 12(b)(1) where plaintiff was seeking review of state court decisions in contravention of the *Rooker-Feldman* doctrine. The Tenth Circuit affirmed that determination:

> Here, [plaintiff] unquestionably sought review and rejection of the state court foreclosure and eviction proceedings. Her complaint challenged [defendant's] documentation to foreclose, claiming the bank "used deceptive tactics in its pursuit" of the subject property. She alleged her due process rights were violated during the course of the foreclosure and eviction proceedings, and she effectively sought to quiet title in her name. . . . These claims are barred by the *Rooker-Feldman* doctrine, and the district court was correct in dismissing them for lack of jurisdiction.

*Id.* (internal citations omitted). As in *Dillard*, plaintiff's objections to and challenges of Judge Kuehn's decisions in the foreclosure proceedings in the State Case are not properly brought in federal court and are barred by the *Rooker-Feldman* doctrine.

Finally, the Court notes that, even if the exercise of subject matter jurisdiction were appropriate here, it is patently obvious that (1) plaintiff has failed to set forth any facts that state a plausible claim for relief, and (2) he could not prevail on the factual allegations made in his filings, such that dismissal would also be appropriate pursuant to Fed. R. Civ. P. 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Andrews v. Heaton*, 483 F.3d 1070,

---

[3] *Rooker-Feldman* refers to two United States Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

n.2 (10th Cir. 2007) ("A district court may dismiss a case *sua sponte* under Federal Rule of Civil Procedure 12(b) 'when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged.'") (citations omitted). The same analysis establishing an absence of subject matter jurisdiction in this Court also supports dismissal for failure to state a claim.

## Conclusion

The Court does not have subject matter jurisdiction, and this case should accordingly be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The plaintiff's Complaint is **dismissed** for lack of subject matter jurisdiction. A separate judgment of dismissal will be filed forthwith. The Clerk of this Court shall provide a copy of this Opinion and Order to the Tulsa County District Court Clerk.

ORDERED this 29th day of April, 2015.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE